IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAVEZ DARRYL BROWN | : | NO. 26-166-1 |

MEMORANDUM

Bartle, J. October 1, 2026

Defendant Chavez Darryl Brown has been indicted for: possession with intent to distribute controlled substances (21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(D); possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a felon (18 U.S.C. §§ 922(g)(1) and 924(e)).

Before the Court is the motion of defendant to suppress evidence that was seized, pursuant to a search warrant, during a search of his home at 659 Brill Street in Philadelphia.[1] Defendant asserts that probable cause did not exist for the issuance of the warrant and that the good faith exception to an invalid warrant does not apply.

The warrant was signed by a Common Pleas judge in Philadelphia County on October 22, 2025 at 4:00 p.m. and executed the next day, October 23, 2025 at around 6:00 a.m. The

---

1. The motion also seeks to suppress items seized from his vehicle. As no evidence was seized from his vehicle, the motion to this extent will be denied as moot. United States v. Stearn, 597 F.3d 540, 544 n3(3d Cir. 2010).

evidence seized consisted of cocaine and other controlled substances, drug paraphernalia, firearms, ammunition, and cell phones, among other items.

I

The defendant argues that the affidavit in support of the warrant did not establish probable cause to believe that evidence of drugs or firearms trafficking would be found at his residence. Specifically, he maintains there was no nexus between the defendant's residence and the alleged criminal activity. He further maintains that if the warrant is not supported by probable cause, the law enforcement officers who executed the warrant did not have the requisite good faith to rely on the judicial officer's decision that probable cause existed to support the issuance of the warrant.[2]

II

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly

---

2. The defendant, at oral argument, withdrew its arguments that the warrant was invalid because the information contained in the supporting affidavit was stale and that the warrant was overly broad as to items to be seized other than drugs, drug paraphernalia and weapons.

> describing the place to be searched, and the persons or things to be seized.[3]

The Supreme Court set forth in Illinois v. Gates, 462 U.S. 213, 238-39 (1983) the responsibility of the magistrate issuing the search warrant and the responsibility of the court which is called up to decide a challenge to the decision of the magistrate:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for … conclud[ing]" that probable cause existed.

To decide whether the magistrate had a substantial basis to conclude probable cause existed, the reviewing court simply examines the information contained within the four corners of the supporting affidavit, that is the information which was before the magistrate. United States v. Hodge, 246 F.3d 301, 305 (3d. Cir. 2001).[4]

---

3. As the affidavit in issue was taken by a Philadelphia police officer and the warrant was issued by a state judge, it is the Fourteenth Amendment, which incorporates the Fourth Amendment, that is in issue. For ease of reference, the court will reference the Fourth Amendment.

4. The magistrate must also be neutral and detached. See United States v. Leon, 468 U.S. 897, 914 (1984); Gates, 462 U.S. at 240. Defendant does not challenge the warrant on this basis.

III

Philadelphia Police Officer William Schlosser, who has extensive experience, training, and knowledge in dealing with drug crimes, submitted the affidavit of probable cause to the Philadelphia Common Pleas judge in support of the issuance of the warrant. The affidavit was based on his personal observations as well as information obtained from Officer Erik Lesser of the Upper Dublin Police Department and confidential sources. Officer Lesser also has extensive experience and training in drug trafficking investigations. The warrant contained the following information.

In April 2025, multiple reports from residents in the North Hills section of Upper Dublin Township in Montgomery County, Pennsylvania indicated hand-to-hand drug transactions were occurring at the corner of Logan Avenue and Walnut Avenue. Law enforcement identified defendant at this corner multiple times, culminating in an observation on June 26, 2025, where defendant retrieved a backpack from his vehicle, removed a white item from the backpack, and handed the item to another individual. Three more similar transactions occurred in the following nineteen minutes.

Approximately one month later, Officer Lesser met with Confidential Source #1 ("CS#1"), who reported purchasing cocaine

and crack cocaine from defendant approximately 4-5 times over a 4-6 week timeframe.

Shortly thereafter, law enforcement initiated a series of three controlled purchases of cocaine between defendant and CS#1. For each purchase, law enforcement supplied CS#1 with money to buy controlled substances from defendant. CS#1 contacted defendant via phone to schedule a meeting, then exchanged money for drugs with defendant. In all three cases, the substances CS#1 obtained from defendant tested positive for cocaine. The controlled purchases took place in the third week of August 2025, the first week of September 2025, and the third week of October 2025. The third purchase occurred within 48 hours of the signing of the Affidavit of Probable Cause on October 22, 2025.

During the second controlled purchase, law enforcement witnessed defendant leave his Brill Street residence in Philadelphia, enter his vehicle, make two stops to meet with unknown individuals, then meet CS#1 and conduct the transaction.

During the third controlled purchase, law enforcement observed defendant exit his Brill Street residence carrying a white trash bag. Defendant placed the trash bag into his vehicle and returned to his residence. A few minutes later, defendant returned to the vehicle and drove away. Law

enforcement followed. Defendant made a stop at a commercial location in Montgomery County where he exited his vehicle and placed the white trash bag into one of the parking lot dumpsters. Defendant then left the parking lot and conducted the drug transaction with CS#1.

After surveilling the controlled purchase, law enforcement returned to the commercial parking lot. The dumpster contained broken-down boxes and one white trash bag. Law enforcement confirmed with the business owners that the trash bag did not belong to them. Inside the trash bag was an Uber Eats receipt in the name of "Chavez B". The trash bag also contained multiple large packaging materials commonly used for packaging large quantities of cocaine. Testing confirmed that the packaging contained cocaine residue.

Throughout the investigation, defendant used several different vehicles. The vehicles were seen parked near his residence on Brill Street.

IV

Defendant first argues that the warrant is invalid as there was not a sufficient nexus between the street sales of the illegal drugs and the search of his home for illegal drugs and weapons.

The affidavit in support of the warrant was signed by Officer Schlosser, an officer as noted with extensive training, experience and knowledge in dealing with drug and other offenses. It also contained information obtained from Officer Lesser, another experienced police officer. The affidavit contained detailed information from which Officer Schlosser reasonably concluded that defendant was engaged in the sale of illegal drugs in the North Hills neighborhood of Upper Dublin Township. A supervised confidential informant had also made controlled purchases of illegal drugs from defendant on three separate occasions over a several month period. There was surveillance of defendant's residence in Philadelphia where he was seen coming and going, and the vehicles used for his drug sales were observed at that location.

Significantly, defendant was seen on one occasion leaving his home with a trash bag which he discarded in a dumpster in Montgomery County. The police retrieved it shortly thereafter from the dumpster. The bag was found to contain large packaging materials for cocaine and later tested positive for cocaine residue.

As previously noted, the Supreme Court in Gates explained that the "task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him … there is a

fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238. It was reasonable for the state court judge in this case to infer that a person engaged in the sale of illegal drugs to the extent stated in the supporting affidavit would store the drugs and drug paraphernalia in his home. Hodge, 246 F.3d 305-07; United States v. Whitner, 219 F. 3d 289, 297-98 (3d Cir. 2000). Based on the supporting affidavit, the state court judge made a practical, common-sense decision that there was a fair probability that a link existed between defendant's drug sales and the location of evidence of his drug crimes at this home.

V

The defendant next argues that even if there was probable cause to support a search of his home for drugs and drug paraphernalia, there was no probable cause to support a nexus between his illegal drugs and any weapons located at his home. The warrant authorized the search and seizure of "[w]eapons including but not limited to firearms, handguns, shotguns, rifles, machine guns, gun parts, ammunition, etc."

The supporting affidavit quotes Officer Lesser as follows:

> That based upon my training and experience, I know that drug dealers commonly have in their possession, that is on their person, their vehicles, in safes or lock-boxes at residences, hotels or garages that they have

> unlimited access to and/or at their businesses, firearms, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons. Said firearms are used to protect and secure a drug trafficker's property.

The court finds, based on the statement of Officer Lesser together with the information of the defendant's extensive drug sales, that there was a sufficient link between the drug sales and the existence of weapons at the defendant's home. The illegal drug trade is a dangerous business. It is reasonable to infer that drug dealers, at least at defendant's level, would possess weapons to protect their property. The state court judge made a practical, common-sense decision that there was a fair probability that weapons would be found at defendant's home.

VI

Finally, even if the warrant was invalid insofar as it authorized the search for weapons, the search of weapons at 659 Brill Street was valid if the officer executing the warrant had a good faith basis to rely on the warrant. The defendant argues that the warrant was invalid and the good faith exception does not apply because the warrant was "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and because the warrant was "so facially deficient" that an officer could not

reasonably have believed it to be valid. See United States v. Leon, 468 U.S. 897 (1984); United States v. Zimmerman, 277 F.3d 426, 436-37 (3d Cir. 2002).

In Leon, the Supreme Court held that the Fourth Amendment exclusionary rule does not apply where officers executing the warrant reasonably relied on a warrant issued by a neutral and detached magistrate and the warrant was later found to be unsupported by probable cause. 468 U.S. 897.

Ordinarily, a magistrate's probable-cause determination is sufficient to establish that an officer executing the warrant acted in good faith. Id. at 921, 924. However, this general principle is qualified by the rule that "the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable." Id. at 922 (emphasis added). Reliance on a warrant is objectively unreasonable if "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n.23.

Furthermore, an officer acts objectively unreasonably if he relies "on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Id. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 611 (1975)). Put another way, if the

warrant is "so facially deficient," such as failure to "particularize the place to be searched or the things to be seized," a reasonably well trained officer would know that he cannot rely on the warrant. Id.

Here, even if the warrant is invalid insofar as it authorized the search for weapons, the officer's reliance on the warrant was objectively reasonable and in good faith. The affidavit was not "so lacking in indicia of probable cause" and the warrant was not "so facially deficient." The affidavit supporting the warrant contained a robust description of a months-long investigation that connected defendant and his residence with substantial and high-level drug transactions. Leon, 468 U.S. at 923 (internal quotations omitted). Although the affidavit did not specifically state that the defendant was carrying or seen with a weapon, an officer under the circumstances could reasonably rely on the warrant authorizing the search of weapons at defendant's residence. See Hodge, 246 F.3d 305-07; Whitner, 219 F. 3d at 297-98.